UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY KHOURY, Individually and on behalf all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>FXCM INC., DROR NIV, and ROBERT LANDE,<br><br>            Defendants. | No. 1:17-cv-00916 (RA) |
| YING ZHAO, Individually and on behalf all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>FXCM INC., DROR NIV, and ROBERT LANDE,<br><br>            Defendants. | No. 1:17-cv-00955 |
| DAVID BLINN, Individually and on behalf all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>FXCM INC., DROR NIV, and ROBERT LANDE,<br><br>            Defendants. | No. 1:17-cv-01028 |
| 683 CAPITAL PARTNERS, L.P., Individually and on behalf all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>GLOBAL BROKERAGE, INC. f/k/a FXCM INC., DROR NIV, and ROBERT LANDE,<br><br>            Defendants. | No. 1:17-cv-02506 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
<u>WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS LEAD COUNSEL</u>**

Lead Plaintiff movant and putative class member Sergey Regukh ("Movant"), by and through his counsel, respectfully submits this Memorandum of Law in support of his motion for: (1) consolidation of the above-captioned actions pursuant to Federal Rules of Civil Procedure R. 42(a); (2) appointment of Movant as Lead Plaintiff for the action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.* (the "PSLRA"); and (3) approval of Movant's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel for the putative class pursuant to §21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u–4(a)(3)(B)(v).

## I.   INTRODUCTION

The above-captioned actions are, to the best of Movant's knowledge, the only federal securities class action lawsuits brought against FXCM Inc. ("FXCM" or the "Company"), Dror Niv ("Niv"), and Robert Lande ("Lande") (collectively, "Defendants"), for violations of Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC") (17 C.F.R. § 240.10b-5) concerning the publicly traded securities of the Company, which traded on the New York Stock Exchange ("NYSE") and NASDAQ under the symbol "FXCM." These actions were brought on behalf of a class consisting of all persons and entities who purchased publicly-traded FXCM securities from March 15, 2012 through February 6, 2017, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' alleged violations of federal securities laws and pursue remedies under the Exchange Act (the "Class").

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most

capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant should be appointed as Lead Plaintiff because, to the best of his counsel's knowledge: (1) Movant has the largest financial interest in the relief sought by the Class because he acquired FXCM securities and suffered at least $2,165,815.13 in losses as a result of Defendants' misconduct (*see* Guiney Decl., Ex. 3); and (2) Movant's claims are typical of the claims of the Class and he will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movant's selection of Wolf Haldenstein as Lead Counsel for the Class should be approved because the firm is eminently qualified and highly experienced in complex securities class actions and has the experience and resources to efficiently prosecute this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Exchange Act clearly provides that movants need not file their own complaint to serve as lead plaintiff. Rather, lead plaintiffs are members of the putative class who have "either filed the complaint or made a motion in response to notice under subparagraph (A)(i)." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Thus, under the express terms of the Exchange Act, Movant is entitled to have their application for appointment as Lead Plaintiff and approval of selection of Lead Counsel, as set forth herein, considered and approved by the Court.

**II.    PROCEDURAL BACKGROUND**

On February 7, 2017, action captioned *Khoury v. FXCM Inc. et al.*, 1:11-cv-916 (the "*Khoury* Action") was filed in this Court alleging violations of the Exchange Act on behalf of all persons and entities, other than Defendants and their affiliates, who purchased publicly-traded FXCM securities from March 15, 2012, through February 6, 2017, inclusive. Also on February 7, 2017, counsel for plaintiff in the *Khoury* Action published a notice of pendency of the class action on *Business Wire*, advising members of the proposed Class of their right to move this

2

Court to serve as lead plaintiffs no later than 60 days from the date of publication of the notice (by April 10, 2017). *See* Guiney Decl., Ex. 1.

Additional actions were filed in this Court on February 8, 2017 (*Zhao v. FXCM Inc., et al.*, 1:17-cv-955)(the "*Zhao* Action"); on February 10, 2017 (*Blinn v. FXCM Inc., et al.*, 1:17-cv-1028)(the "*Blinn* Action"); and on April 6, 2017 (*683 Capital Partners, L.P. v. Global Brokerage Inc. f/k/a FXCM Inc., et al.*, 1:17-cv-1028)(the "*683 Capital Partners L.P.* Action"). The *Blinn*, *Khoury*, *Zhao*, and *683 Capital Partners L.P.* Actions are referred to collectively as the "Actions" herein.

### III. STATEMENT OF FACTS

The Actions allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as SEC Rule 10b-5, by making materially false and misleading statements in various documents filed with the SEC and press releases issued by the Company throughout the Class Period. ¶¶ 18-28.[1] Specifically, the Complaint alleges that Defendants issued false and misleading statements regarding the Company's business and operations. ¶ 29. The Complaint alleges that (1) between September 4, 2009 through at least 2014, FXCM's U.S. subsidiary engaged in false and misleading solicitations of its retail foreign exchange customers by concealing its relationship with its most important market maker and by misrepresenting that its "No Dealing Desk" platform had no conflicts of interest with its customers; and (2) FXCM's U.S. subsidiary made false statements to the National Futures Association about its relationship with the market maker. ¶ 29. Further, the Complaint alleges that as a result of Defendants'

---

[1] "¶ __" refers to corresponding paragraph numbers in the Complaint filed as ECF No. 1 in the first-filed *Khoury* Action.

3

wrongful acts and omissions, the Company's common shares had a precipitous decline causing the stockholders of FXCM to suffer significant losses and damages. ¶ 32.

## IV. ARGUMENT

### A. The Court Should Consolidated the Pending Actions

Under the lead plaintiff provisions of the Exchange Act, 15 U.S.C. § 78u-4, *et seq.*, if multiple actions involving "substantially the same claim or claims" are pending, the Court tasked with selecting the lead plaintiff should postpone that selection "until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Accordingly, the Actions should be consolidated pursuant to Rule 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Broad discretion is given to the court under this rule to consolidate cases pending within the District. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987).

The Actions assert claims against the same Defendants and involve common questions of law and fact. Specifically, the Actions allege that throughout the Class Period, Defendants intentionally misrepresented and failed to disclose material facts about the business and operations of FXCM Inc. in violation of federal securities laws, causing investors to purchase and/or sell the Company's securities at artificially inflated prices and sustain damages when the Company's share prices declined drastically. When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated; and it may

4

make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. *See Stone v. Agnico-Eagle Mines, Ltd.*, 280 F.R.D. 142, 143-44 (S.D.N.Y. 2012). In so doing, a district court has discretion in determining whether consolidation is appropriate. Here, there is no reason to proceed with at least four separate class actions covering the same putative classes and alleged wrongdoing. Moreover, the consolidation of related proceedings pursuant to Rule 42(a) will avoid the unnecessary waste of judicial resources and additional cost and delay to the parties: it would make little sense to have two competing class actions litigating the same dispute. *See* Manual for Complex Litigation ("Manual") § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration).

Movant further requests, for the purpose of efficient and effective case administration, that additional class actions filed in or transferred to this Court, arising out of the same operative facts and alleging substantially the same causes of action, be similarly consolidated herewith and subject to the Court's order, as set forth in the [Proposed] Order.

### B. Movant Should Be Appointed Lead Plaintiff

The Exchange Act, as amended by the PSLRA, establishes the procedure governing the appointment of a lead plaintiff in private securities fraud class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

5

Finally, within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member plaintiff who: (a) has either filed a complaint or moved for lead plaintiff in response to a notice; (b) "has the largest financial interest in the relief sought"; and (c) otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *Id.*

As demonstrated below, Movant meets these requirements and should be appointed to serve as Lead Plaintiff.

### 1. Movant Has Timely Moved for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA, Movant has timely moved to be appointed Lead Plaintiffs within the requisite time frame on behalf of all members of the Class. Movant has duly signed and filed a certification stating his willingness to serve as a representative party on behalf of the Class. *See* Guiney Decl., Ex. 2. In addition, Movant has selected and retained experienced and competent counsel to represent himself and the Class of individuals he seeks to represent. *See* Guiney Decl., Ex. 4.

As the Movant has filed his motion by the statutory deadline, he is entitled to be considered for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

6

### 2. Movant Believes He Has the Largest Financial Interest in the Relief Sought by the Class

Based on the evidence contained in Movant's concurrently filed Certification, Movant believes that he has the largest financial interest in the relief sought in this litigation. Specifically, during the Class Period, Movant suffered losses of approximately $2,165,815.13 based on his Class Period purchases of FXCM securities, and as a result of Defendants' misconduct. *See* Guiney Decl., Ex. 3. Because Movant has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and, at this stage, those findings need only be "preliminary." *See Tronox*, 262 F.R.D. at 344.

"Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). Here, the claims asserted by Movant are typical of the claims of the other members of the putative class because, like all other class members, Movant purchased FXCM shares at prices artificially inflated by Defendants' materially false and misleading statement or omissions, and suffered damages as a consequence. Since the claims are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members, typicality is satisfied. *See* Newberg, *et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2008).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members, and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. Movant is "adequate" to serve as a class representative in the instant litigation because his interests are clearly aligned with the interests of the putative class. Movant, like all other members of the Class, suffered losses as a result of purchasing shares of FXCM due to Defendants' allegedly wrongful conduct. Movant will, therefore, benefit from the same relief as other class members. In short, there is absolutely no evidence of antagonism between Movant and the putative class.

Movant has also demonstrated he is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Wolf Haldenstein is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly,

Movant has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Movant's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected the law firm of Wolf Haldenstein to represent the class. Wolf Haldenstein has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Guiney Decl., Ex. 4. Specifically, Wolf Haldenstein has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud, as reflected by the firms resume attached as Exhibit 4. Moreover, the firm's efforts have not gone unnoticed by the courts.

As a result of the Wolf Haldenstein's extensive experience in securities litigation, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of legal counsel, the members of the class will receive the best legal representation available.

### V. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate all of the Actions; (2) appoint Movant as Lead Plaintiff; and (3) approve Movant's selection of Wolf Haldenstein to serve as Lead Counsel.

DATED: New York, New York
April 10, 2017

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

*/s/ Matthew M. Guiney*
Matthew M. Guiney
Gregory M. Nespole
Kevin G. Cooper
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653
Email: Guiney@whafh.com
　　　　GMN@whafh.com
　　　　KCooper@whafh.com

*Counsel for Lead Plaintiff Movant Sergey Regukh*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of April, 2017 at New York, New York.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

*/s/ Matthew M. Guiney*
Matthew M. Guiney
Gregory M. Nespole
Kevin G. Cooper
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653
Email: Guiney@whafh.com
       GMN@whafh.com
       KCooper@whafh.com

*Counsel for Lead Plaintiff Movant Sergey Regukh*

//792811