USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation <br><br> This Document Relates To: All Actions | Master File No. 1:17-cv-00916-RA <br><br> CLASS ACTION <br><br> DISCOVERY CONFIDENTIALITY STIPULATION AN~~D [PROPOSED]~~ ORDER |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, this Discovery Confidentiality Stipulation and Order ("Order") shall govern the handling of Discovery Material in connection with this action (the "Litigation").

1. **General Definitions**

For purposes of this Order, the terms set forth below are defined as follows:

a. "Confidential Discovery Material" shall mean Discovery Material that contains non-public information, regardless of the medium or manner in which it is generated, stored, or maintained, identified by the Designating Party in accordance with this Order and that has been designated as "Confidential" because it contains non-public trade secret or other confidential, proprietary, financial, and/or commercially sensitive data, including marketing, sales, research, development, or planning information, in accordance with the standards developed under Federal Rule of Civil procedure 26(c) and other applicable law.

b. "Designating Party" shall mean the Party or non-party that designates Discovery Material as "Confidential."

c. "Discovery Material" shall mean and include, without limitation, Documents, including Electronically Stored Information ("ESI"); responses to interrogatories, requests for

1

admissions, or other discovery requests; physical objects; samples; disks for digital media (such as CD-ROMs or DVDs); deposition transcripts and exhibits thereto; and information provided by or on behalf of the Parties or any non-party pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, subpoena, or any formal or informal request in the course of discovery in the Litigation.

d. "Document" or "Documents" shall mean and include, without limitation, all written material and other tangible items produced in any format (e.g., hard-copy, electronic, digital, etc.) in any medium (e.g., hardcopy, videotape, CD-ROM, DVD, hard drive, etc.) defined as broadly as permitted under Federal Rule of Civil Procedure 34.

e. "Party" or "Parties" shall mean any natural person who is a party to this action; and Global Brokerage, Inc., 683 Capital Partners, LP, and Shipco Transport Inc. (including their officers, directors, employees, corporate parents, subsidiaries, affiliates, and insurers).

f. "Producing Party" shall mean the Party or non-party producing Discovery Material.

g. "Receiving Party" shall mean the Party receiving Discovery Material produced by a Producing Party.

## 2. Scope of Order

This Order is intended to facilitate the Parties' production of Discovery Material. Nothing in this Order shall be construed as expanding or limiting the Parties' discovery obligations. This Order covers the production and use of all Confidential Discovery Material in this Litigation. Nothing in this Order prevents counsel for the Parties from using Confidential Discovery Material in connection with work product created by or on behalf of that counsel. Such work product may be retained by counsel who created it. However, Confidential Discovery Material in such work

product will remain Confidential Discovery Material that may not be shared with any entity or person or used in any way except as provided in this Order.

3. **Designating Confidential Discovery Material**

a. All designations of Confidential Discovery Material shall be made in good faith by the Designating Party and, except as provided in ¶ 5 and ¶ 10 below, shall be made at or prior to the time of disclosure, production, or tender, provided that a Designating Party may designate as confidential Discovery Material produced by another Party or non-party at any time within 30 days following the Designating Party's receipt of such Discovery Material.

b. The designation of Confidential Discovery Material may be made by marking or placing the legend "CONFIDENTIAL" on each page, or, in the case of a document that is produced in native format, by placing the above-described legend on a TIFF-placeholder image bearing the production number of the document. Any visual or other non-paper or non-electronic Confidential Discovery Material shall be designated on the exterior surface of the container or object that contains it.

c. Prior to designating Discovery Material as "Confidential," the Designating Party must make a bona fide determination that the Discovery Material qualifies as Confidential Discovery Material.

d. If a Receiving Party disputes the "Confidential" designation of Discovery Material, the following procedure shall apply:

(1) Counsel for the objecting party shall serve on the Designating Party a written objection to such designation within 14 days of receipt of the Confidential Discovery Material, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Designating Party

3

shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Designating Party or nonparty makes a timely response to such objection asserting the propriety of designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(2) If a dispute as to a confidential designation of a document or item of information cannot be resolved by agreement, the Receiving Party challenging the designation shall present the dispute to the Court initially by letter-motion for a pre-motion discovery conference in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

e. Any document or information designated as Confidential Discovery Material shall only be used, shown, or disclosed as provided in this Order.

4. **Use and Disclosure of Confidential Discovery Material**

a. All Confidential Discovery Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party or Qualified Persons for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party or Qualified Persons to anyone other than those set forth below, unless and until the restrictions herein are removed either by written consent of the Designating Party or by Order of the Court. The persons or entities below to whom Confidential Discovery Material are disclosed shall keep all such material, and any copies, notes, extracts,

4

summaries, or descriptions of the same within their exclusive possession and control; shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Discovery Material as confidential; and shall take all necessary and prudent measures to maintain the confidentiality of all Confidential Discovery Material in accordance with this Order.

  b. Confidential Discovery Material may be disclosed only to "Qualified Persons" defined as:

    (1) Outside counsel and relevant in-house counsel for the Parties, as well as employees of such outside counsel or in-house counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

    (2) Experts and consultants retained by or on behalf of the Parties for the preparation or trial of this case, provided that such experts or consultants shall not be (as far as the experts or consultants can determine): (i) current employees, officers, or directors of any competitor of Global Brokerage, Inc.; or (ii) currently engaged by a competitor of Global Brokerage, Inc. to perform work in a subject matter area in which the competitor directly competes with Global Brokerage, Inc. Confidential Discovery Material may not be disclosed to any experts or consultants retained by or on behalf of the Parties until such experts or consultants have signed a non-disclosure agreement in the form attached hereto as Exhibit A (signed copies of such agreements must be maintained by counsel for the Party disclosing Confidential Discovery Material to the expert or consultant);

    (3) Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    (4) The Court and court personnel, including court reporters who record and/or transcribe deposition testimony;

(5) Special masters and mediators and their employees;

(6) The original author(s) or recipient(s) of the Confidential Discovery Material;

(7) Any deponent provided that, if the deponent is not the Designating Party or employed by the Designating Party, the deponent shall be made aware of the confidentiality restrictions of this Order and the Parties shall confer to ensure that appropriate confidentiality restrictions are maintained prior to the deponent being shown any Confidential Discovery Material;

(8) Litigation support consultants and vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(9) The Parties, as defined above in ¶ 1(e).; and

(10) Any person expressly named and agreed to in writing by the Designating Party or by Order of the Court.

c. Nothing herein shall limit a Producing Party's use of its own Confidential Discovery Material.

d. To the extent Confidential Discovery Material is attached to, quoted, or referenced in Documents filed with the Court, such Confidential Discovery Material is subject to the Court's requirements for filing documents under seal as outlined in ¶ 6 below.

5.  **Designation of Deposition Testimony**

    a.  Deposition testimony that counsel for a Party or non-party witness tendering such testimony, in good faith, believes constitutes Confidential Discovery Material may be designated as confidential by making a statement on the record for inclusion in the deposition transcript or by written notice to all Parties within 30 calendar days after receipt of the transcript. All deposition testimony will be treated as having been designated confidential through the 30th day following each Party's receipt (through counsel or the court reporter) of the transcript of such deposition testimony, after which time, only such testimony designated as confidential will be treated as Confidential Discovery Material.

    b.  When Confidential Discovery Material is designated as Confidential in a deposition transcript, counsel on behalf of the Designating Party shall instruct the reporter to imprint a legend "CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated as "CONFIDENTIAL" in the transcript.

    c.  Any Court reporter or transcriber who reports or transcribes testimony shall agree that anything designated as Confidential Discovery Material pursuant to this Order will be disclosed only in accordance with this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

    d.  At the conclusion of any deposition taken in the case, any copies of exhibits used during the deposition that contain Confidential Discovery Material shall be collected and retained by the court reporter for the Parties. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the deponent's deposition transcript for

7

purposes of executing the transcript, preparing to testify further in this Litigation, or for other purposes specially agreed to by the parties.

6. **Filing Under Seal**

All requests to seal documents filed with the Court shall comply with ~~the Court's Sealed Records Filing Instructions: www.nysd.uscourts.gov/cases_records.php?records=sealed_records~~ this Court's Individual Rules & Practices in Civil Cases at 5(a).

7. **Discovery Material Received From Third Parties**

In order to ensure that the Parties can evaluate in a timely fashion whether to seek confidential treatment of Discovery Material produced by a third party, a Party who receives documents or information from a third-party pursuant to a subpoena shall provide those documents or information to all other Parties within a reasonable time of initially receiving such documents or information, or otherwise promptly make reasonable provision for access to any such documents or information.

8. **Conclusion of Litigation**

Within 60 days of this Litigation's conclusion (*i.e.*, the date that any appeal deadlines have expired, or as agreed to by the Parties), counsel for a Receiving Party who has received Confidential Discovery Material shall either: (1) return to the Producing Party the Confidential Discovery Material; or (2) securely destroy the Confidential Discovery Material and certify in writing that such destruction has occurred to the Producing Party and Designating Party.

9. **Not Applicable to Trial**

This Order does not apply to the offer of or admission into evidence of Confidential Discovery Material at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues should be raised as a separate matter upon the request of any Party at the time of trial or evidentiary hearing.

## 10. Inadvertent Production or Disclosure

a.   Inadvertent production of any document that a Producing Party later claims should not have been produced because of a privilege, including without limitation the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure ("Inadvertently Produced Privileged Document"), will not be deemed to waive such privilege or immunity from disclosure. A Producing Party may, within 10 days of the date of discovery by that Producing Party of the inadvertent production, request the return of any Inadvertently Produced Privileged Document by identifying the document inadvertently produced and stating the basis for asserting a privilege over such document. In that event, each Receiving Party in possession of a copy of the Inadvertently Produced Privileged Document shall promptly (but in no event later than five business days after receiving notice from the Producing Party requesting return) return or destroy the Inadvertently Produced Privileged Document and all copies thereof and shall, to the extent possible, expunge from any other document material information derived solely from the Inadvertently Produced Privileged Document. If the Receiving Party determines that it seeks to challenge the request for return of the document, it shall contact the Producing Party that inadvertently produced the document. If the Producing Party and the Receiving Party cannot resolve the issue after good faith attempts, the Receiving Party shall raise the dispute with the Court in compliance with the Court's Local Rules and Order(s) on Discovery Objections and Procedures. In accordance with Federal Rule of Civil Procedure 26(b)(5)(B), in the event that the Receiving Party seeks an order from the Court regarding an Inadvertently Produced Privileged Document, the Receiving Party may retain possession of the document during the pendency of such application, provided that the document is sequestered and is not used by the Receiving Party during that time except in connection with any application opposing the Producing Party's

assertion that it inadvertently produced privileged documents. If the Receiving Party does not timely seek an order from the Court regarding the Inadvertently Produced Privileged Document it shall promptly return or destroy the Inadvertently Produced Privileged Document and shall, to the extent possible, expunge from any other document material information derived solely from the Inadvertently Produced Privileged Document.

      b.      Inadvertent failure to designate any Discovery Material a Producing Party later claims should have been designated as Confidential Discovery Material will not be deemed to waive such confidential status from the mistaken designation. A Producing Party may, within 10 days of the date of discovery by that Producing Party of the inadvertent designation, request the return of any such inadvertently designated Discovery Material by identifying the Discovery Material inadvertently designated and stating the basis for designating such Discovery Material as confidential. In that event, each Receiving Party in possession of a copy of the mistakenly designated Discovery Material shall immediately treat the Discovery Material and all copies thereof as though it were designated as "Confidential." In addition, the Producing Party shall provide a replacement of such Discovery Material to the Receiving Party within 10 business days of notifying the Receiving Party of the mistaken designation. If the Receiving Party determines that it seeks to challenge the request for designation and treatment of the Discovery Material as confidential, the Receiving Party shall make such challenge in accordance with ¶ 3(c) above. The Designating Party shall remove the confidentiality designation from such Discovery Material, and provide a replacement of such Discovery material to the Receiving Party, within 10 business days of the entry of a court order striking the confidentiality designation.

11. **No Application to Public or Otherwise Available Information**

No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential under this Order.

12. **Protected Material Subpoenaed or Ordered Produced in Other Actions**

If a Receiving Party (or any person receiving documents through the Receiving Party) is served with a subpoena, order, interrogatory, document, or civil investigative demand, or any other legal demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Confidential Discovery Material produced to the Receiving Party in this Litigation, the Receiving Party shall give prompt written notice by hand, overnight courier, or email within three business days of receipt of such Demand and at least five days prior to the deadline for the Receiving Party's response to such Demand to the Designating Party and, if requested in writing by the Designating Party, shall postpone producing documents until such time as the Designating Party has timely filed a motion for a protective order and the relevant court has ordered the production of such documents. The burden of opposing the enforcement of the Demand shall fall upon the Designating Party. If the Designating Party obtains an order from any court or administrative agency of competent jurisdiction directing that the Demand be complied with, it must serve such order upon the Receiving Party within at least three business days of the order; the Receiving Party must then promptly comply with the terms of the order.

13. **Modification**

This Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by all Parties, or by further Court Order. If the Court

11

finds any provision of this Order invalid for any reason, the remaining provisions shall remain in effect.

14. **Duration**

At the close of this Litigation, this Order shall remain in effect. This Court retains and shall have jurisdiction over the Parties and all recipients of Confidential Discovery Material for purposes of enforcing this Order after termination of this Litigation. This Order is binding upon the Parties hereto, their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: July 23, 2019

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Joshua Baker
Phillip Kim
Laurence M. Rosen
Joshua Baker
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiffs*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Matthew M. Guiney
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Email: guiney@whafh.com

*Additional Counsel*

**KING & SPALDING LLP**

/s/ Paul R. Bessette
Paul R. Bessette
Rebecca Matsumura
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Tel: (512) 457-2000
Email: pbessette@kslaw.com
rmatsumura@kslaw.com

Israel Dahan
Evan Clair Ennis
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Email: idahan@kslaw.com
eennis@kslaw.com

Chelsea Corey
300 S Tryon Street, Suite 1700
Charlotte, NC 28202
Tel: (704) 503-2600
Email: ccorey@kslaw.com

Harris Howard
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600
Email: harris.howard@kslaw.com

*Attorneys for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: July 24, 2019

HON. RONNIE ABRAMS
UNITED STATES DISTICT JUDGE

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation<br><br>This Document Relates To: All Actions | Master File No. 1:17-cv-00916-RA<br><br>CLASS ACTION<br><br>DISCOVERY CONFIDENTIALITY STIPULATION AND ORDER |

# EXHIBIT A

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Discovery Material or any words, summaries, abstracts, or indices of such material disclosed to me.

6. I will limit use of Confidential Discovery Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my possession,

14

and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                                                                  [Name]