**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Class Representatives Shipco Transport Inc. and E-Global Trade and Finance Group, Inc. ("Plaintiffs"), individually and on behalf of the Class, and Defendants Dror Niv and William Ahdout ("Individual Defendants," and together with Plaintiffs, the "Parties"), have entered into the Stipulation of Settlement, dated February 1, 2023 ("Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the class action pending before the Court entitled *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-916 (S.D.N.Y.) (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 21st day of February, 2023, that:

1. Capitalized terms used herein have the meanings set forth in the Stipulation.

2. The Court finds that (a) the Stipulation resulted from good faith, arm's-length negotiations, and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on July 7, 2023 at 3:00 p.m., and may be conducted via telephonic or videoconference means at the Court's direction, for the following purposes:

(a) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine finally whether the Final Judgment, substantially in the form of Exhibit B to the Stipulation, should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(c) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d) to consider the application of Class Counsel for an award of attorneys' fees and expenses and award to Class Representatives;

(e) to consider Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf); and

(f) to rule upon such other matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice other than entry of an Order on the Court's docket. The Court may decide to hold the Settlement Hearing telephonically or by other virtual means without further notice. The Court further reserves the right to enter its Final Judgment approving the Settlement and dismissing the Action, on the merits and

with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23, other applicable rules or regulations, or due process of law.

6. The Court approves the form, substance, and requirements of (a) the Long Notice, (b) the Proof of Claim, (c) the Summary Notice, and (d) the Postcard Notice, all of which are exhibits to the Stipulation.

7. Class Counsel, on behalf of Plaintiffs, has the authority to enter into the Settlement on behalf of the Class and has the authority to act on behalf of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8. Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

9. The Escrow Agent may, at any time after entry of this Order and without further approval from the Individual Defendants or the Court, disburse at the direction of Class Counsel up to $250,000 from the Settlement Fund prior to the Effective Date to pay reasonable Administrative Costs. After the Effective Date, up to an additional $150,000 may be transferred from the Settlement Fund to pay for any reasonable and necessary Administrative Costs without further order of the Court.

10. Within 20 Business Days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either: (a) email links to the location of the Long Notice and Proof of

Claim, substantially in the form annexed to the Stipulation as Exhibit A-1 and Exhibit A-2, to Class Members for whom the Claims Administrator is able to obtain email addresses; or (b) if no electronic mail address can be obtained, cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4, to be mailed by first class mail, postage prepaid, to Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

11.   Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Global Brokerage, Inc. f/k/a FXCM, Inc. ("FXCM" or the "Company") securities during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within 10 days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within 10 days after receipt thereof send copies to such beneficial owners; (ii) request links to the location of the Long Notice and Proof of Claim and email the links to each beneficial owner for whom they are nominee or custodian within ten days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a link to the location of the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email links to the Long Notice and Proof of Claim or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial

owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses, of up to $0.03 per name, address, and email address provided to the Claims Administrator; up to $0.03 per unit for each Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.03 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12. Class Counsel shall, at least seven days before the Settlement Hearing, serve upon Defense Counsel and file with the Court proof of the mailing of the Postcard Notice as required by this Order.

13. Within 16 days of the entry of this Order, Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Long Notice and Proof of Claim to be posted on the Claims Administrator's website.

14. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within 10 days after the Postcard Notice mailing or emailing links to the location of the Long Notice and Proof of Claim. Class Counsel shall, at least seven days before the Settlement Hearing, serve upon Defense Counsel and file with the Court proof of publication of the Summary Notice.

15. The forms and methods set forth herein of notifying the Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995;

constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

16. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (i) electronically through the Claims Administrator's website, www.strategicclaims.net/FXCM, by 11:59 p.m. EST on June 7, 2023; or (b) at the Post Office Box indicated in the Notice, postmarked no later than June 7, 2023 (30 days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from the Claims Administrator for electronic submissions; or (ii) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein,

in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of their current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least 10 days) to cure such deficiency, if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within 10 days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective

Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of the Individual Defendants be allowed on any topic.

17. All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

18. Class Members shall be bound by all determinations and judgments in the Action whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request for exclusion from the Settlement shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than June 16, 2023 (21 days prior to the Settlement Hearing) ("Exclusion Deadline"), to the address listed in the Long Notice. In order to be valid, such request for exclusion must (A) indicate the name, address, phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement of *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation*, Master File No. 1:17-cv-916 (S.D.N.Y.)" and (B) state the date, number of shares, and dollar amount of each purchase of FXCM common stock and, if applicable, each sale during the Class Period, as well as the number of shares of FXCM common stock held by the Person as of the opening and closing of the Class Period. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of FXCM common stock during the Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the FXCM common stock. Any such request for exclusion must be

signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

19.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Class will not include any Person who delivers a valid and timely request for exclusion that has not been thereafter revoked.

20.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two Business Days before the Settlement Hearing, in which event that Person will be included in the Class.

21.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

22.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the Fee and Expense Application, or any other order relating thereto, unless, at least 21 days prior to the Settlement Hearing Date, that Person has: (a) filed said objections, papers, and briefs, and proof of service upon counsel identified below with the Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan U.S.

Courthouse, 500 Pearl Street, New York, New York 10007; and (b) served copies of any objections, papers and briefs on each of the following counsel:

| CLASS COUNSEL: | COUNSEL FOR THE INDIVIDUAL DEFENDANTS: |
|---|---|
| THE ROSEN LAW FIRM, P.A. | |
| Phillip Kim | KING & SPALDING LLP |
| 275 Madison Avenue, 40th Floor | Israel Dahan |
| New York, NY 10016 | 1185 Avenue of the Americas |
| | New York, NY 10036 |

23. To be valid, any such objection must contain the Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of FXCM common stock during the Class Period in order to show membership in the Class; (3) all grounds for the objection, including any legal support known to the Class Member and/or their counsel; (4) the name, address and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Class Member and/or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

25. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than 28 days before the Settlement Hearing.

26. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than 14 days prior to the Settlement Hearing.

27. The Individual Defendants, their counsel, and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

29. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

30. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Individual Defendants, their counsel, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Class Representatives or any Class Members directly have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in the Action.

31. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to December 23, 2022, pursuant to the terms of the Stipulation.

32. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not

limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: February 21, 2023

_____
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE